WILLIAMS, Senior Circuit Judge,
dissenting:
In reviewing sentences for reasonableness, one of our first tasks is to make sure the district court did not “improperly calculate] the Guidelines range.” Gall v. United States, — U.S. -, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Here the district court added 20 levels to Kele-ta’s base offense level, bringing it to 26, in what seems to me a clear misapplication of the pertinent guideline, U.S. Sentencing Guidelines (“USSG”) § 2S1.3(a)(2). Accordingly, I would reverse and remand for resentencing.
Section 2S1.3(a)(2) states that the base offense level for a variety of crimes, including the offenses of conviction here (18 U.S.C. § 1960), shall be “6 plus the number of offense levels from the table in § 2B1.1 ... corresponding to the value of the funds.” Application Note 1 defines the term “value of the funds” as “the amount of the funds involved in the structuring or reporting conduct.” § 2S1.3 application n. 1 (emphasis added). The conduct for which Keleta was convicted — managing an “unlicensed money transmitting business” — involves neither “structuring” nor “reporting.” Those offenses are covered *868 by other statutes to which § 2S1.3 applies. See, e.g., 31 U.S.C. §§ 5313 (reporting), 5324 (structuring). Keleta, however, was not charged with, much less convicted of, failing to report financial transactions or structuring transactions to evade reporting requirements. As the term is properly understood, therefore, the “value of the funds” involved in his offense is zero, with a resulting base offense level of 6 and an advisory sentencing range of zero to six months (much lower than the 63-78-month range corresponding to offense level 26 or even Keleta’s actual sentence of 31 months).
No published opinion in our circuit or elsewhere has dealt with the application of USSG § 2S1.3(a)(2) to § 1960. United States v. Abdullahi, 520 F.3d 890, 896 n. 7 (8th Cir.2008), applied the table to funds transmitted through an unlicensed money transmitting business, but did not discuss or explain how such conduct could be said to involve either “structuring” or “reporting.” One unpublished district court opinion, United States v. Bariek, No. 05-150, 2005 WL 2334682, at *2 (E.D.Va. Sept.23, 2005), applied the table to a licensing offense, reasoning that the application was correct because the Sentencing Commission listed § 1960 among the offenses addressed by § 2S1.3. Id. But this evades the question: Did the Commission mean for the increment based on the amount of funds to apply to § 1960 offenses? The Commission could easily have intended that such offenses be assigned a uniform offense level of 6; otherwise, why limit amount-based increases to “the funds involved in the structuring or reporting conduct”?
The court in Bariek also argued that “it would be illogical to penalize unlicensed money transmitters without regard to the amount of money they transmitted.” Id. In a vague sense the argument has some merit: the more money an unlicensed business transmits, the higher the odds of some of the transmissions defeating some public interest, such as the policies trying to thwart the financial activities of terrorist organizations. But the link is far more attenuated than the one between such risks and a failure to report a financial transaction — or structuring to avoid reporting — which directly undermines the government’s ability to track the money. Treasury regulations identify types of transactions required to be reported, obviously the ones perceived as posing the greatest risks, but the government neither charged nor proved a violation of any of those provisions. In its brief here the government claimed that 31 C.F.R. § 103.20 (promulgated pursuant to 12 U.S.C. §§ 1829b, 1951-59; 31 U.S.C. §§ 5311-14, 5316-32) required reporting of Keleta’s transactions, but in oral argument it acknowledged that the facts shown satisfied none of § 103.20’s provisions. Reporting requirements simply do not track licensing requirements. Thus, equating failure to secure a license with failure to report misses the obvious difference in the likelihood of harm resulting from each offense. The language of § 2S1.3 does not equate the two; it makes complete sense. We should follow it.